UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA,

**OPINION & ORDER**

-against-

07-CR-700 (SJF)

BURUDI FAISON,

Defendant
---------------------------------------------------------X

FEUERSTEIN, J.

Defendant Burudi Faison moves for (1) a stay of the Order of Forfeiture pending appeal; (2) an Order denying enhancement of sentence or a hearing to determine whether enhancement is appropriate; (3) revocation of Magistrate Judge Boyle's detention order of August 1, 2007 and (4) Judgment of Acquittal and a new trial.

The purpose of Rule 32.2(d) is to insure the integrity of identifiable forfeited property which will be returned to a defendant if an appeal is successful. If defendant is successful upon appeal, the government will issue an appropriate payment as opposed to the actual fungible currency seized at the time of defendant's arrest. Therefore, defendant's motion for a stay of the Order of Forfeiture pending appeal is denied.

Defendant fails to offer any facts to support his claim that a hearing is warranted on the issue of sentence enhancement. As noted in the Government's opposition, the enhancement of the defendant's sentence under Title 21, U.S.C. §851 (a) (1) is appropriate since the applicable statutes support a determination that defendant's prior felony conviction for using and carrying a firearm during drug trafficking was a felony drug offense. Therefore, defendant's motion

-1-

denying the sentence enhancement or seeking a hearing is denied.

On December 21, 2007, defendant was convicted by a jury of (1) attempting to purchase two kilograms of cocaine and (2) conspiracy to purchase two kilograms of cocaine. The convictions are for offenses for which detention shall be ordered unless the court finds by clear and convincing evidence that "there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143 (2) (A) (i). Defendant fails to satisfy this standard. Therefore, defendant's application for revocation of the detention order is denied.

Resolving all inferences in favor of the government and viewing the proof in the light most favorable to the government, the motion for a Judgment of Acquittal was properly denied following trial. (Transcript at pp. 273-274). Defendant has not offered any basis for granting a new trial. He fails to identify any new discovered evidence and, since he proceeded *pro se*, there is no basis for a claim of ineffective assistance of counsel. Therefore, defendant's motions for a Judgment of Acquittal and for a new trial are denied.

Based upon the foregoing, defendant's motions are denied in their entirety.

IT IS SO ORDERED.

/Sandra J. Feuerstein/
United States District Judge

Dated: February 19, 2008
Central Islip, New York

Copies:

Burudi Faison
CC# 07007218
Nassau County Corrections Department
100 Carman Avenue
East Meadow, NY 11554

Charles Peter Kelly, AUSA
United States Attorney's Office - EDNY
610 Federal Plaza
Central Islip, NY 11722