IN RE : BURUDI FAISON , PETITIONER

NOW COMES THE PETITIONER, BURUDI FAISON, PROSE, PETITIONING THIS COURT, THE CIRCUIT COURT OF NEW YORK, TO GRANT THIS PETITION FOR A WRIT PURSUANT TO RULE 21 OF THE FEDERAL RULES OF APPELLETE PROCEDURE AND LOCAL RULE 21.

RELIEF SOUGHT:

PETITIONER SEEKS TO HAVE THE CIRCUIT COURT ISSUE AN ORDER COMPELLING THE DISTRICT COURT ISSUE AN ORDER GRANTING PETITIONER ACCESS TO THE INSTITUTIONAL LIBRARY AT LEAST ONE HOUR, FIVE DAYS A WEEK WHEN IN OPERATION.

ISSUES PRESENTED:

SHOULD PETITIONER WHO PRESENTLY REPRESENTS HIMSELF PROSE, WILL BE APPEALING PROSE, BE GRANTED ADEQUATE TIME AND ACCESS TO THE INSTITUTIONAL LIBRARY.

FACTS:

ON FEBRUARY, 2,2008 PETITIONER FILED AN ISTITUTIONAL GRIEVANCE. CITING THAT HE HAD A RIGHT TO RECIEVE THE SAME CONSIDERATION THAT OTHER INMATES RECEIVED, IN PARTICULAR EQUAL ACCESS TO THE LAW LIBRARY, STATING THAT SEVERAL INMATES WERE ALLOWED ACCESS TO THE LIBRARY EVERYDAY. THE GRIEVANCE COORDINATOR SENT BACK THE THE AN ANSWER STATING THAT IT WAS NOT A GRIEVABLE ISSUE.

Order
The application is:
___ granted
_✓_ denied
___ referred to Magistrate Judge _____ for
  ___ decision
  ___ report and recommendation

8/21/2008

WHEN PETITIONER SPOKE WITH THE COORDINATOR HE WAS TOLD THAT THOSE PERSONS WHO WENT TO THE LIBRARY MORE THAN THERE ALLOTTED ONCE A WEEK WERE COURT ORDERED. AFTER SPEAKING WITH A CORPORAL, A SARGENT, AND A LIUTENANT I WAS INFORMED OF THE SAME THING, THAT THE EXTRA TIME HAD TO BE COURT ORDERED.

ON FEBRURARY 6, 2008, PETITIONER SENT JUDGE FEURERSTEIN ASKING THAT SHE ORDER THE INSTITUTION TO ALLOW EXTRA ACCESS TO THE LIBRARY. ON FEBURARY 14,2008 TIS REQUEST WAS DENIED. (SEE DOCKET SHEET #65)

REASON WHY WRIT SHOULD ISSUE:

THE PETITIONER HAS A RIGHT TO FAIR TREATMENT AS A PRISONER. AS A PROSE LITIGANT PETITIONER WOULD NEED ADEQUATE ACCESS TO THE LIBRARYS LEGAL RESEARCH MATERIAL WITH ENOUGH TIME TO ADEQUATELY PREPARE OFR HIS APPEAL, TODRAFT MOTIONS, PETITIONS AND OTHER LEGAL DOCUMENTS.

UNLESS ALLOWED ACCESS AND TIME BEYOND THE ALLOTTED ONE HOUR A WEEK THE PETITIONER WILL BE UNABLE TO MEET GUIDELINES, RESEARCH LEGAL CASES, PREPARE THE INFOMATION AND EFFECTIVELY PRESENT HIS CASE.

BASED ON THE AFFOREMENTIONED THE PETITIONER WOULD ASK THIS COURT TO GRANT THIS PETITION OR GRANT ANY OTHER SUCH RELIEF AS THE COURT DEEMS PROPER.

*Burudi Faison*
BURUDI FAISON
100 CARMEN AVE
EAST MEADOW NY
11554
cc#07007218

IN RE: BURUDI FAISON, PETITIONER

JUDGE SANDRA J. FEUERSTEIN, RESPONDENT

NOW COMES THE PETITIONER BURUDI FAISON, PROSE, PETITIONING THIS COURT, THE CIRCUIT COURT OF NEW YORK, TO GRANT THIS PETITION FOR A WRIT PURSUANT TO RULE 21 OF THE FEDERAL RULES OF APPELLLETE PROCEDURE AND LOCAL RULE 21.

RELIEF SOUGHT:

PETITIONER SEEKS TO HAVE THE CIRCUIT COURT ISSUE AN ORDER COMPELLING THE DISTRICT COURT TO IMMEADIATELY SENTENCE PETITIONER IN HIS CRIMINAL MATTER WITHIN TEN DAYS OF ITS ISSUED ORDER.

ISSUES PRESENTED:

WHETHER THE DISTRICT COURT HAS VIOLATED RULE 32 OF THE OF THE FEDERAL RULES OF CRIMINAL PROCEDURE WHICH GOVERNS TIME OF SENTENCING.

FACTS:

ON DECEMBER 20, 2007, THE PETITIONER WAS FOUND GUILTY BY A JURY OF VIOLATING TITLE 21 OF THE UNITED STATES CODE.

PETITIONER REQUESTED THAT THE DISTRICT COURT SET A SENTENCING DATE, THE DISTRICT COURT STATED THAT IT WOULD NOT, THAT IT ALLOW THE PROBATION DEPARTMENT TO SET THE SENTENCING DATE. (SEE DOCKET SHEEET #53)

PETITIONER WAS THE IN THIS CRIMINAL MATTER AND HAS BEEN IN CUSTODY IN THE NASSAU COUNTY JAIL SINCE HIS ARREST. PETITIONER HAS BEEN INTERVIEWED BY A PRESENTENCING INVESTIGATOR BUT AS OF TODAYS DATE THE PETITIONER HAS YET TO BE SENTENCED.

REASON WRIT SHOULD ISSUE:

RULE 32 (b)(1) STATES THAT THE COURT MUST IMPOSE SENTENCE WITHOUT UNDUE DELAY.

THE COURT HAS NOT SHOWN ANY GOOD CAUSE TO CHANGE THE TIME LIMITS PRESCRIBED BY THIS RULE AS ALLOWED IN 32 (b)(2).

PETITIONER HAS A RIGHT TO APPEAL HIS CRIMINAL CONVICTION BUT THIS RIGHT BECOMES LOST WHEN LEFT TO AN INDETERMINATE SENTENCING DATE.

EVEN THOUGH THERE IS NO CASE LAW OR RULES THAT SPECIFY A TIME LIMIT, THE SUPREME COURT HAS BEEN FACED WITH THE QUESTION. OF

IN POLLARD V US 352 US 354 UNREASONABLE DELAY FROM TIME OF CONVICTION TO TIME OF SENTENCE WAS CONSIDERED TO BE APART OF TRIAL FOR THE PURPOSES OF SIXTH ADMENDMENT.

IN ZEDNER V US 126 US    SCT/ 401 F3D 36 THE SUPREME COURT STATED THAT THE SPEEDY TRIAL ACT GENERALLY REQUIRED THAT A TRIAL BEGIN WITHIN 70 DAYS ... BUT THE ACT RECOGNIZED... VALID REASONS FOR DELAYS IN PARTICULAR CASES... THE ACT INCLUDES DETAILED LIST OF PERIODS OF DELAY THAT ARE EXCLUDED IN COMPUTING TIME WITHIN WHICH TRIAL MUST START. THE COURT FOUND THAT A 91 DAY DELAY VIOLATED DEFENDANTS RIGHTS WHEN THE COURT MADE NO FINDINGS OF FACT ON RECORD, THAT WOULD FALL UNDER THE DELAY PROVISIONS.

SINCE POLLARD OTHER CIRCUITS HAVE ASSUMED THAT A RIGHT TO SPEEDY TRIAL INCLUDES A RIGHT TO BE SENTENCED WITHOUT AN UNREASONABLE DELAY. US V TOTELLO 391 F2D 587/ WELSH V US 348 f2d 885 US V GRABINA 309 f2d 783/ LOTT V US 309 f2d 115/ HODGDIN V US 365 f2d 679. SUCH CIRCUMSTANCES HAVE PREJUDICED THE PETITIONER BY DENYING RIGHTS THAT THE PETITIONER WOULD NORMALLY HAVE RECIEVED IMMEADIATELY HAD HIS SENTENCING NOT BEEN DELAYED. EVEN THOUGH THE CIRCUMSTANCES MAY NOT HAVE BEEN CREATED PURPOSEFULLY TO CREATE AN DELIBERATELY OPPRESSIVE CIRCUMSTANCE THE COURT HAS NO LEGITIMATE ARGUMENT OTHER THAN CLEAR NEGLIGENCE, FOR NOT SENTENCING PETITIONER.

THE DECISIONS IN EACH OF THESE CASES WERE MADE BASED ON THE SPEEDY TRIAL ACT DELAY PROVISIONS AND THE SUPREME COURT HAS ALREADY DETERMINED THAT SENTENCING WOULD BE APART OF TRIAL AND THAT THE SIXTH ADMENDMENT GOVERNS TRIAL, SO SPEEDY TRIAL ISSUES WOULD ALSO FALL UNDER THE SIXTH ADMENDMENT.

WHETHER THERE HAS BEEN AN DELAY... MAY BE TESTED BY (1) THE INTERVAL OF DELAY INVOLVED (2) THE REASON OR CAUSE FOR DELAY (3) WHETHER THE RIGHT OF SPEEDY TRIAL HAS BEEN WAIVED BY THE ACCUSED AND (4) THE ACTUAL PREJUDICED INCURRED BY THE DEFENDANT. BEAVERS V HAUBERT 198 US 77 / US V EWELL 383 US 116/ VON FEDLT V US 407 f2d 95 / BARNES V US 347 f2d 925

EVEN THOUGH OTHER CASES HAVE STATED THAT THE TIME PERIODS THAT HAVE GONE OVER $10\frac{1}{2}$ MONTHS WERE NOT UNREASONABLE DELAYS, THE DELAY IN EACH CASE WERE CAUSED BY EITHER THE DEFENDANTS NON-APPEARANCE DUE TO BEING HELD IN ANOTHER JURISDICTION ON OTHER CHARGES, CASE IN WHICH DEFENDANT PLEAD GUILTY TO ONE COUNT BUT NOT GUILTY TO OTHER COUNTS, SENTENCE OF DEFENDANT WHO PLED GUILTY DELAYED UNTIL

CODEFENDANTS WERE TRIED, AND CASE WERE DEFENDANT NOT PRESENT AT TIME OF SENTENCING.

CONGRESS' INTENT IN THE SPEEDY TRIAL ACT IS CLEAR, THE DECISION IN POLLARD ALSO MAKES IT CLEAR THAT SENTENCING IS A PART OF THE TRIAL PROCESS. TAKING BOTH OF THESE INTO CONSIDERATION IT WOULD BE ONLY LOGICAL THAT ANY TIME PERIOD OUTSIDE THE 70 DAY PERIOD WOULD REQUIRE THE DISTRICT COURT AT A MINIMUM TO MAKE A FINDING AS TO WHY A DEFENDANT HAS NOT BEEN SENTENCED WITHOUT UNDUE DELAY, IF THE DELAY IS LONGER THAN 70 DAYS. THE DELAY WOULD ALSO HAVE TO BE INCLUDED IN THE PROVIDED DELAYS.

THIS BEING SO IT ALSO SAFE TO ASSUME THAT EVEN THOUGH THERE IS NO SPECIFIED TIME LIMITATION ON SENTENCING, THE LIMITATION UNDER THE ACT WOULD BE A STARTING POINT OF CONSIDERATION.

PETITIONER INQUIRED AS TO A SENTENCING DATE AND THE DISTRICT COURT STATED THAT " PROBATION WOULD LET THE COURT KNOW WHEN THE SENTENCING WILL BE" (SEE ATTACHMENT). THE RULES THAT GOVERN THE THE COURT (FRCP RULE 32) STIPULATE THAT THE COURT MUST IMPOSE SENTENCE WITHOUT UNDUE DELAY. FOR THE COURT TO LEAVE THE DECISION OF SETTING A SENTENCING DATE TO A NON JUDICIAL OFFICER LEAVES ROOM FOR THE RULE TO BE CIRCUMVENTED.

RULE 32 ONLY SETS FORTH PROVISIONS FOR THE COURT NOT OTHE PARTIES. THE PETITIONER HAS NOT FOUND ANY CASE LAW, NOR ANY COURT RULE THAT ALLOWS THE COURT TO ARBITRARILY OR CAPRICOUSLY TRANSFER THE DECISION OF WHEN A DEFENDANT WILL BE SENTENCED TO SOMEONE OTHER THAN A JUDICIAL OFFICER.

NOW IT IS A QUESTION OF WHETHER THE SEVEN MONTHS THAT PETITIONER HAS BEEN WAITING TO BE SENTENCED IS CONSIDERED EXCESSIVE, AND BEYOND THE REALMS OF REASONABLE TIME AND UNDUE DELAY.

BASED ON THE AFFOREMENTIONED THE PETITIONER WOULD ASK THIS COURT TO GRANT THIS PETITION AND OR GRANT OTHER SUCH RELIEF AS THE COURT DEEMS PROPER.

RODNEY B JOHNSON
Notary Public, State of New York
No. 01JO6179050
Qualified in Suffolk County
Commission Expires Jan. 22, 2012

Rodney B Johnson
Notary 08/12/08

B. Faison
Burudi Faison
BURUDI FAISON
100 CARMAN AVE
EAST MEADOW NY 11554
CC# 07007218

Case 2:07-cr-00700-SJF   Document 83   Filed 08/21/08   Page 8 of 9 PageID #: 294
Eastern District of New York - Live Database Version 3.2.1
Case 2:07-cr-00700-SJF   Document 81-2   Filed 08/18/2008   Page 8 of 9      Page 6 of 9

| | | |
|---|---|---|
| | | 12/19/2007) |
| 12/17/2007 | 47 | CJA 20 as to Burudi Faison: Appointment of Attorney Elizabeth E Macedonia for Burudi Faison. Ordered by Judge Sandra J. Feuerstein on 12/17/07. (Brienza, Lauren) (Entered: 12/19/2007) |
| 12/17/2007 | 48 | Minute Entry for proceedings held before Judge Sandra J. Feuerstein: Dft Faison present in custody with CJA Elizabeth Macedonia and Carla Comisso as standby counsel. Govt: AUSA Charles Kelly. Case called. Voir Dire held on 12/17/2007 as to Burudi Faison. Jury selection held. Jurors sworn and trial begins. Govt opens. Dft opens. Jury Trial as to Burudi Faison held on 12/17/2007. Jury Trial continued to 12/18/2007 at 9:30 AM before Judge Sandra J. Feuerstein. Dft remanded. (Court Reporter: S. Picozzi) (Brienza, Lauren) (Entered: 12/19/2007) |
| 12/17/2007 | 63 | ORDER of transportation to 1 juror empaneled in the case as to Burudi Faison. Ordered by Judge Sandra J. Feuerstein on 12/17/07. (Brienza, Lauren) (Entered: 01/28/2008) |
| 12/18/2007 | 49 | Minute Entry for proceedings held before Judge Sandra J. Feuerstein: Dft Faison present in custody with Elizabeth Madeconia and Carla Comisso as standby counsel. Govt: AUSA Charles Kelly. Jury Trial as to Burudi Faison held on 12/18/2007. Jury Trial continued to 12/19/2007 at 9:30 AM before Judge Sandra J. Feuerstein. Govt rests. Dft rests. Govt summation. Dft summation. Dft remanded. (Court Reporter: S. Picozzi) (Brienza, Lauren) (Entered: 12/21/2007) |
| 12/19/2007 | 50 | Minute Entry for proceedings held before Judge Sandra J. Feuerstein: Dft Faison present in custody pro se with Elizabeth Macedonia and Carla Comisso as standby counsel. Govt: AUSA Charles Kelly. Jury Trial as to Burudi Faison held on 12/19/2007. Jury Trial continued to 12/20/2007 at 9:30 AM before Judge Sandra J. Feuerstein. Jury charged, USM sworn and deliberations begin. Dft remanded. (Court Reporter: Marie Foley) (Brienza, Lauren) (Entered: 12/21/2007) |
| 12/19/2007 | 51 | ORDER of sustenance and transportation to jurors deliberating as to Burudi Faison. Ordered by Judge Sandra J. Feuerstein on 12/19/07. (Brienza, Lauren) (Entered: 12/21/2007) |
| 12/20/2007 | 52 | ORDER of sustenance and transporation to jurors deliberating as to Burudi Faison. Ordered by Judge Sandra J. Feuerstein on 12/20/07. (Brienza, Lauren) (Entered: 12/21/2007) |
| 12/20/2007 | 53 | Minute Entry for proceedings held before Judge Sandra J. Feuerstein: Dft Faison present in custody (pro se) with Elizabeth Macedonia and Carla Comisso as standby counsel. Govt: AUSA Charles Kelly. Jury Trial as to Burudi Faison held on 12/20/2007. Deliberations resume. Guilty verdict on counts 1 and 2. Jurors polled and excused. Sentencing to be set by probation. Dft remanded. (Court Reporter: Stephanie Picozzi) (Brienza, Lauren) (Entered: 12/21/2007) |
| 12/20/2007 | 54 | COURT EXHIBIT LIST as to Burudi Faison. (Attachments: # 1 Exhibits) (Brienza, Lauren) (Entered: 12/21/2007) |
| 12/20/2007 | 55 | JURY VERDICT as to Burudi Faison (1) Guilty on Count 1,2. (Brienza, Lauren) (Entered: 12/21/2007) |
| 12/20/2007 | 56 | SPECIAL VERDICT FORM as to Burudi Faison. (Brienza, Lauren) (Entered: |

Case 2:07-cr-00700-SJF   Document 83   Filed 08/21/08   Page 9 of 9 PageID #: 295
Eastern District of New York - Live Database Version 3.2.1
Case 2:07-cr-00700-SJF   Document 81   Filed 08/18/2008   Page 9 of 9
Page 7 of 9

| | | 12/21/2007) |
|---|---|---|
| 01/02/2008 | 57 | MOTION for Acquittal by Burudi Faison. (Brienza, Lauren) (Entered: 01/03/2008) |
| 01/02/2008 | 58 | MOTION to Vacate *Judgment* by Burudi Faison. (Brienza, Lauren) (Entered: 01/03/2008) |
| 01/02/2008 | 59 | Letter from Burudi Faison to Judge Feuerstein dated 12/21/07 requesting a stay of the order of forfeiture pending appeal. (Brienza, Lauren) (Entered: 01/03/2008) |
| 01/02/2008 | 60 | NOTICE of objection to Government's request for enhancement by Burudi Faison (Brienza, Lauren) (Entered: 01/03/2008) |
| 01/03/2008 | 62 | PRELIMINARY ORDER OF FORFEITURE as to Burudi Faison. Ordered by Judge Sandra J. Feuerstein on 1/3/08. (Brienza, Lauren) (Entered: 01/08/2008) |
| 01/04/2008 | 61 | NOTICE *PROPOSED PRELIMINARY ORDER of FORFEITURE, in which the government seeks to forfeit approximately $46,258.00 in United States currency.* by Burudi Faison (Nandan, Kathleen) (Entered: 01/04/2008) |
| 02/06/2008 | 64 | MOTION to Revoke *Magistrate Judge Thomas E. Boyle's detention order of August 1, 2007* by Burudi Faison. (Brienza, Lauren) (Entered: 02/07/2008) |
| 02/06/2008 | 65 | Letter from Burudi Faison to Judge Feuerstein requesting an order to allow dft access to the Nassau County Jail law library for at least one hour a day, five days a week. (Brienza, Lauren) (Brienza, Lauren). (Entered: 02/08/2008) |
| 02/06/2008 | 66 | MOTION to Set Aside Forfeiture *order pending appeal* by Burudi Faison. (Brienza, Lauren) (Entered: 02/08/2008) |
| 02/11/2008 | 67 | Certificate of Service by USA as to Burudi Faison *AFFIDAVIT of PUBLICATION, which shows that the Legal Notice was published via Internet for 30 consecutive days beginning January 11, 2008. as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.* (Nandan, Kathleen) (Entered: 02/11/2008) |
| 02/13/2008 | 68 | OPPOSITION re 57 MOTION for Acquittal of defendant by USA as to Burudi Faison. (Kelly, Charles) Modified on 2/14/2008 (Brienza, Lauren). (Entered: 02/13/2008) |
| 02/13/2008 | 69 | OPPOSITION re 64 MOTION for revocation of detention order by USA as to Burudi Faison. (Kelly, Charles) Modified on 2/14/2008 (Brienza, Lauren). (Entered: 02/13/2008) |
| 02/13/2008 | 70 | Letter *in opposition to defendant's objection to prior felony offender notice* as to Burudi Faison (Kelly, Charles) (Entered: 02/13/2008) |
| 02/13/2008 | | Motions terminated, docketed incorrectly as to Burudi Faison: 68 MOTION for Acquittal *of defendant - opposition letter* filed by USA, 69 MOTION for Bond *by defendant - opposition letter* filed by USA. (Brienza, Lauren) (Entered: 02/14/2008) |
| 02/14/2008 | 71 | RESPONSE in Opposition Burudi Faison re 66 MOTION to Set Aside Forfeiture *order pending appeal filed by Government* (Kelly, Charles) (Entered: 02/14/2008) |
| 02/14/2008 | 72 | ORDER as to Burudi Faison re 65 Letter - The application is denied. Ordered by |